UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| ROBERT M. LINDSEY, | § | Case No. 10-38408 |
| dba THE CREDIT CARD SOLUTION, | § | |
| dba COMPUTER MARKETING | § | |
| SOLUTIONS  and | § | |
| | § | |
| LINDA S. LINDSEY fka | § | |
| LINDA SELF | § | |
| | § | |
| DEBTORS. | § | CHAPTER 7 |

_____

THE STATE OF TEXAS,

    Plaintiff,

v.                                                                                                  Adv. Pro. No. _____

ROBERT M. LINDSEY,
dba THE CREDIT CARD SOLUTION
dba COMPUTER MARKETING
SOLUTIONS  and

LINDA S. LINDSEY fka
LINDA SELF

**COMPLAINT FOR EXCEPTION TO DISCHARGE
PURSUANT TO 11 U.S.C. § 523(a)(2) and (7)**

    Comes now the State of Texas by and through the Office of the Texas Attorney General, Consumer Protection and Public Health Division ("State"), complaining of the Debtors and alleges as follows:

## I. JURISDICTION AND VENUE

1.      The Court has jurisdiction of this adversary proceeding.  28 U.S.C. § 1334, 28 U.S.C. § 157(b)(2)(A) and (I); FED. R. BANKR. P. 7001(6).

2.      Venue is appropriate in this forum.  28 U.S.C. § 1409(a).

## II. OVERVIEW

3.      The State has a suit pending in Harris County State District Court against Robert M. Lindsey and businesses he operates, seeking temporary and permanent injunctions, civil penalties, restitution, disgorgement of assets, and court costs (the "State Court Action").  The State Court Action is exempt from the automatic stay pursuant to 11 U.S.C. 362(b)(4).  *See Docket No. 22*.  The State seeks an exception from discharge pursuant to 11 U.S.C. sections 523(a)(2) and (7).

## III. PROCEDURAL HISTORY

4.      On July 8, 2009, the State sued Robert M. Lindsey (hereinafter "Lindsey"), Jubilee Financial Solutions L.P. d/b/a The Credit Card Solution and Jubilee Financial Management L.L.C.[1]   (See attached Exhibit 1 - Plaintiff's Original Verified Petition and Application for Temporary Restraining Order, Temporary Injunction and Permanent Injunction.)  The State later added Freedom From Debt Alliance, a nonprofit corporation registered to do business in Texas, as a defendant.  These businesses, Jubilee Financial Solutions L.P. d/b/a The Credit Card Solution, Jubilee Financial Management L.L.C., and Freedom From Debt Alliance, shall be collectively referred to as "Debtor's Businesses."

---

[1]    State of Texas v. Jubilee Financial Solutions L.P. d/b/a The Credit Card Solution, Jubilee Financial Management L.L.C, and Robert M. Lindsey , Cause No. 2009-43253; in the 215th Judicial District Court of Harris County, Texas.

5. The State sued Lindsey and Debtor's Businesses for violations of the Texas Deceptive Trade Practices – Consumer Protection Act (hereinafter "DTPA"), the Credit Services Organization Act, and the Business Opportunity Act.

6. On July 8, 2009, the state court granted an ex parte temporary restraining order against the defendants. On July 21, 2009, the state court granted a temporary injunction and asset freeze to preserve and protect the fees paid to Lindsey and Debtor's Businesses by consumers, so that at final trial consumers might obtain restitution to which they are entitled. On December 14, 2009, the state court granted an amended temporary injunction, expanding the terms of the temporary injunction.

7. Trial in the state court case was set for the two-week trial docket beginning February 8, 2010.

8. On January 25, 2010, two weeks before trial, Lindsey filed a voluntary petition under Chapter 7 in the Bankruptcy Court of the Southern District of Texas, Case No. 10-30583, individually and d/b/a The Credit Card Solution d/b/a Computer Marketing Solutions.

9. On August 4, 2010, that bankruptcy case was dismissed without discharge by the United States Bankruptcy Court. (See Exhibit 2, Order Dismissing Case).

10. On August 24, 2010, the state district court reset the State Court Action for trial on the two-week trial docket beginning September 13, 2010.

11. On September 8, 2010, Lindsey filed a motion to recuse the state district court judge. After a motion to recuse is filed, a hearing must be held by an independent judge to determine the merits of the motion. As of the trial date, a hearing had not been arranged for Lindsey's motion. For this reason, the trial court was forced to remove the State Court Action from the court's trial docket. On October 14, 2010, after a hearing, the presiding judge denied

Lindsey's motion to recuse.

12. On September 27, 2010, Lindsey filed a joint petition for bankruptcy with Linda S. Lindsey under Chapter 7 ("Petition") in the United States Bankruptcy Court for the Southern District of Texas, Houston Division (hereinafter, Linda Lindsey and Robert Lindsey collectively are referred to as "Debtors"). The petition also listed the same assumed names from the prior bankruptcy, The Credit Card Solution and Computer Marketing Solutions.

## IV.  FACTS

13. Lindsey previously filed a Chapter 7 bankruptcy in the Southern District of Texas, Houston Division, on September 25, 2002, Case No. 02-40970. Lindsey received a discharge in this previous case on January 28, 2003.

14. Debtor Linda S. Lindsey has no prior bankruptcies in the Southern District of Texas.

15. Lindsey is an individual claiming to be engaged in the business of credit card debt relief services and "credit education."

16. On Schedule I of the Petition, Lindsey lists his sole employment as "Manager" of Freedom From Debt Alliance ("FFDA"), a nonprofit corporation registered to do business in Texas.

17. Linda S. Lindsey lists her employment as Director of FFDA on Schedule I. Linda S. Lindsey is one of two directors of FFDA.

18. Debtors are exclusively responsible for FFDA's operations.

19. Jubilee Financial Solutions L.P. is a Texas limited partnership doing business in Texas under the assumed name The Credit Card Solution ("TCCS").

20. Jubilee Financial Management L.L.C. is a Texas limited liability company, and

Lindsey is the sole managing member. This L.L.C. is the general partner of Jubilee Financial Solutions L.P.

21.   Debtors are *pro se* in the bankruptcy.

## V.  FACTUAL ALLEGATIONS IN THE STATE CASE

22.   The State alleges that Debtors and Debtor's Businesses engaged in a pattern of false, misleading and deceptive acts against Texas consumers by way of their debt elimination program, in violation of the DTPA.

23.   Debtors, by and through Debtor's Businesses, marketed and sold "debt invalidation" and "credit restoration" services.

24.   Debtors and Debtor's Businesses advertised to consumers in Texas and throughout the United States who were struggling with credit card debt, using various websites and internet advertisements.

25.   Debtors and Debtor's Businesses employed false and misleading statements to lure consumers into paying exorbitant fees for "services" that were essentially worthless in resolving consumers' problems with credit card debt and restoring consumers' credit rating.

26.   Debtors and Debtor's Businesses offered bogus legal advice to unsuspecting consumers for a substantial fee.

27.   Debtors and Debtor's Businesses misrepresented the workings of the debt collection and credit reporting industries and gave false hope to consumers that Debtors and Debtor's Businesses could wipe out the consumer's debt and restore their credit rating by sending form letters to debt collectors and credit reporting agencies.

28.   The State adopts and incorporates the allegations set out in the state court complaint against Lindsey and Debtor's Businesses by reference, attached as Exhibit 1.

29. The State incorporates by reference all allegations in the State Court Action that Lindsey and Debtor's Businesses violated numerous provisions of, *inter alia*, the Texas Business and Commerce Code, the Texas Finance Code, and the DTPA, attached hereto as Exhibit 1.

### VI.  COUNT I – 523(a)(2) – false representations/false pretenses

30. 11 U.S.C. §523(a)(2) provides:

> **(a)** A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–
>
> **(2)** for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
> **(A)** false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

31. The State adopts and incorporates paragraphs 1 to 30 above as if fully set forth herein.

32. Debtors and Debtor's Businesses made knowing and fraudulent falsehoods.

33. The falsehoods made by Debtors and Debtor's Businesses described past or current facts.

34. The falsehoods made by Debtors and Debtor's Businesses describing past or current facts were relied on by consumers in the State of Texas.

35. The elements of false pretenses and false representation are met in this case.

36. Debtors should be denied a discharge for the debts, including for restitution, attorneys fees and civil penalties, related to these transactions.

### VII.  COUNT II – 523(a)(2) – actual fraud

37. 11 U.S.C. §523(a)(2) provides:

> **(a)** A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–

**(2)** for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by--

**(A)** false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

38. The State adopts and incorporates paragraphs 1 to 37 above as if fully set forth herein.

39. Debtors and Debtor's Businesses made representations.

40. At the time the representations were made Debtors and Debtor's Businesses knew they were false.

41. Debtors and Debtor's Businesses made the representations with the intention and purpose to deceive consumers in the State of Texas.

42. Consumers relied on such representations.

43. Consumers sustained losses as a proximate result of the representations.

44. The elements of actual fraud are met in this case.

45. The Debtors, jointly and severally, obtained money, property, services, or an extension, renewal, or refinancing of credit through false pretenses, false representations and/or actual fraud and are not subject to a discharge of their debts pursuant to §523(a)(2).

46. Debtors should be denied a discharge for the debts, including for restitution, attorneys fees and civil penalties, related to these transactions.

### VIII.  COUNT III – 523(a)(7) – penalties

47. 11 U.S.C. §523(a)(7) provides:

**(a)** A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt–

**(7)** to the extent such debt is for a fine, penalty, or forfeiture payable to and for the benefit of a governmental unit, and is not compensation for actual pecuniary loss,

other than a tax penalty--

**(A)** relating to a tax of a kind not specified in paragraph (1) of this subsection; or

**(B)** imposed with respect to a transaction or event that occurred before three years before the date of the filing of the petition;

48. The State adopts and incorporates paragraphs 1 to 47 above as if fully set forth herein.

49. The State has requested that the state district court award civil penalties against Lindsey and Debtor's Businesses in the amount of $1,000.00 per violation, not to exceed $20,000.00 for each DTPA violation and up to $250,000.00 for violations which were directed at consumers over the age of 65.

50. The civil fines and penalties sought by the State against Debtors in the State Court Action constitute civil fines and penalties to and for a government entity and not for pecuniary compensation pursuant to § 523(a)(7).

## IX.  PRAYER FOR RELIEF

51. WHEREFORE, the State prays that the debts allegedly obtained by fraud, false pretenses and/or false representations, the restitution owed to consumers for these debts, the attorneys fees incurred by the State, and the civil fines and penalties for the DTPA violations be determined nondischargeable pursuant to 11 U.S.C. §523(a)(2) and (a)(7) and that the State be awarded attorney's fees and costs for this action.

Respectfully submitted,

GREG ABBOTT
Attorney General of Texas

DANIEL T. HODGE
First Assistant Attorney General

BILL COBB
Deputy Attorney General for Civil Litigation


RONALD R. DEL VENTO
Assistant Attorney General
Chief, Bankruptcy & Collections Division

*/s/   Matthew P. Crouch*
MATTHEW P. CROUCH
Texas State Bar No.  24072482
Assistant Attorney General
Bankruptcy & Collections Division
P. O. Box 12548
Austin, Texas 78711-2548
P: (512) 463-2173/F: (512) 482-8341
E-mail: *matthew.crouch@oag.state.tx.us*


ATTORNEYS FOR THE STATE OF TEXAS


CERTIFICATE OF SERVICE


      I hereby certify that on the 3rd day of January, 2011, a true and correct copy of the foregoing complaint was served on those parties below by certified U.S. Mail, return receipt requested, regular U.S. Mail, and second-day Fed EX.

Robert M Lindsey
25114 Pepper Ridge Lane
Spring, TX 77373

Linda S Lindsey
25114 Pepper Ridge Lane
Spring, TX 77373

*/s/   Matthew P. Crouch*
Matthew P. Crouch
Assistant Attorney General