

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

**ENTERED**
**10/11/2011**

HOUSTON DIVISION

|  |  |  |
|---|---|---|
| IN RE | ) | |
| | ) | |
| ROBERT M. LINDSEY and | ) | CASE NO. 10-38408-H3-7 |
| LINDA S. LINDSEY | ) | |
| | ) | |
| Debtors, | ) | |
| | ) | |
| STATE OF TEXAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ADV. NO. 11-3004 |
| | ) | |
| ROBERT M. LINDSEY and | ) | |
| LINDA S. LINDSEY | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

<u>MEMORANDUM OPINION</u>

The court has held a hearing on the "State of Texas'
Motion for Summary Judgment as a Matter of Law as to
Nondischargeability and Pursuant to § 523(a)(2) and (a)(7)"
(Docket No. 37). The following are the Findings of Fact and
Conclusions of Law of the court. A separate Judgment will be
entered granting the motion. To the extent any of the Findings
of Fact are considered Conclusions of Law, they are adopted as
such. To the extent any of the Conclusions of Law are considered
Findings of Fact, they are adopted as such.

<u>Findings of Fact</u>

Robert M. Lindsey and Linda S. Lindsey filed a
voluntary petition under Chapter 7 of the Bankruptcy Code on

September 27, 2010.

During 2009, the State of Texas ("Plaintiff") filed suit in state court against Robert Lindsey ("Debtor") and entities owned by Debtor.  Plaintiff asserted generally in the state court suit that Debtor and his entities engaged in misleading acts by advertising services promising to reduce credit card debts of consumers, and restore their credit scores to an excellent credit rating, without registering with the State as a credit service organization, or disclosing that the services they purported to be selling were services of another entity.

Plaintiff moved for a determination that the automatic stay did not apply to the suit filed by Plaintiff in state court.  The court granted that motion.  (Docket No. 22, Case No. 10-38408-H3-7).

Plaintiff's suit against Debtor was tried to a jury during April, 2011.  The state court entered judgment on May 27, 2011, reciting the jury's findings that Debtor violated the Texas Deceptive Trade Practices Act, Credit Services Organizations Act. and Business Opportunity Act.  The state court awarded judgment to Plaintiff in the amount of $3.84 million, plus prejudgment interest totaling $352,964.38, "to be used for restitution and restoration of money or other property taken from consumers by Defendants."  The state court awarded judgment to Plaintiff in the amount fo $7.59 million for civil penalties.  The state court

2

awarded judgment to Plaintiff for $342,590 in attorney fees.
(Docket No. 37-2).

  In the instant motion, Plaintiff seeks summary judgment
on grounds of collateral estoppel.  Plaintiff asserts that the
state court judgment for $3.84 million contains findings that
Debtor obtained money by false pretenses, false representation,
and actual fraud.  Plaintiff also asserts that the state court
judgment for $7.59 million contains a finding that it is a civil
penalty.  The motion is supported by certified copies of
Plaintiff's original petition in the state court, the state court
judgment, and the state court jury charge.[1]

  At the hearing on the instant motion, Debtor stipulated
that he filed a motion for new trial in the state court on June
27, 2011.

  Debtor does not contest that the judgment awards
damages for false pretenses, false representation, actual fraud,
and civil penalty.  Debtor instead argues that the proceedings
before the state court did not give Debtor an opportunity to
fully and fairly litigate the causes of action set forth therein.
He contends that the state court improperly granted a motion in
limine, thus preventing him from preventing an effective defense.
He also contends that the state court froze his assets, thus

---

[1]Plaintiff has voluntarily dismissed its claims against
Linda Lindsey.

depriving him of the opportunity to hire counsel for his defense.
Debtor's response is supported by an unauthenticated copy of
Debtor's motion for new trial, filed in the state court.  He
stated that he intends to file a notice of appeal, but has not
done so.

<u>Conclusions of Law</u>

Section 523(a) of the Bankruptcy Code provides in
pertinent part:

> (a) A discharge under section 727, 1141, 1228(a),
> 1228(b), or 1328(b) of this title does not discharge an
> individual debtor from any debt–
>
> * * *
>
> (2) for money, property, services, or an
> extension, renewal, or refinancing of credit, to
> the extent obtained by--
>
> > (A) false pretenses, a false representation,
> > or actual fraud, other than a statement
> > respecting the debtor's or an insider's
> > financial condition;
>
> * * *
>
> (7) to the extent such debt is for a fine,
> penalty, or forfeiture payable to and for the
> benefit of a governmental unit, and is not
> compensation for actual pecuniary loss, other than
> a tax penalty--
>
> > (A) relating to a tax of a kind not specified
> > in paragraph (1) of this subsection; or
> >
> > (B) imposed with respect to a transaction or
> > event that occurred before three years before
> > the date of the filing of the petition.

11 U.S.C. § 523(a).

Where an underlying judgment is rendered by a Texas state court, Texas rules of preclusion apply.  Under Texas law, a party seeking to invoke the doctrine of collateral estoppel must establish (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action. In re Miller, 156 F.3d 598 (5th Cir. 1998).

In the instant case, the only question about which Debtor raises an issue is whether the parties had a full and fair opportunity to litigate their claims in the state court.  In analyzing the question of whether the parties had a full and fair opportunity, the court considers: 1) whether the parties had a full opportunity to be heard, 2) whether the court supported its decision with a reasoned opinion, and 3) whether the decision was subject to appeal or was in fact reviewed on appeal.  State Farm Fire & Cas. Co. v. Fullerton, 118 F.3d 374 (5th Cir. 1997); Parklane Hosiery Co. v. Shore, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979).

The state court proceeding was tried to a jury.  Debtor was given an opportunity to present evidence.  The jury rendered

5

a verdict.  The state court entered a judgment based on the verdict, for false pretenses, false representation, actual fraud, and civil penalty.  Debtor was given an opportunity to appeal. Debtor timely filed a motion for new trial.  The motion for new trial was overruled by operation of law on August 10, 2011.  Tex. R. Civ. P. 329b(c).[2]

Under Tex. R. App. P. 26.1(a), if a party has timely filed a motion for new trial, notice of appeal must be filed within 90 days after the judgment is signed.  The deadline to have filed a notice of appeal was 90 days after May 27, 2011, or August 25, 2011.  Debtor had a full and fair opportunity to present his evidence in the state court trial, and an opportunity to appeal any adverse evidentiary rulings.  Debtor did not file a timely notice of appeal.  The court concludes that the state court judgment is final.  The court concludes that collateral estoppel precludes relitigation of the question of whether Debtor obtained funds by false pretenses, false representation, actual fraud, and civil penalty.  The court concludes that the amounts awarded in the state court judgment are excepted from discharge under Sections 523(a)(2)(A) and 523(a)(7) of the Bankruptcy Code.

Based on the foregoing, a separate Judgment will be

---

[2]Rule 329b(c) provides that a motion for new trial is overruled by operation of law if it is not ruled on by written order within 75 days after the judgment was signed.  The judgment was signed on May 27, 2011.  The date 75 days after May 27, 2011 was August 10, 2011.

entered granting the "State of Texas' Motion for Summary Judgment as a Matter of Law as to Nondischargeability and Pursuant to § 523(a)(2) and (a)(7)" (Docket No. 37).

Signed at Houston, Texas on October 11, 2011.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

7